**In re MICAN HOMES, INC., Debtor.**

**Bankruptcy No. 94–42992–172.
Motion No. 182.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 20, 1995.

Peter D. Kerth, David J. Harris, Clayton, MO, for debtor Interco Corporate Tower.

Sandra F. Louis, St. Louis, MO, for Meadowgreen Parties.

David L. Going, St. Louis, MO.

### ORDER

JAMES J. BARTA, Bankruptcy Judge.

This matter concerns the motion of Mican Homes, Inc. ("Debtor") to reconsider and vacate a Bankruptcy Court Order dated March 6, 1995, that denied a request to employ Special Counsel, and to grant the Debtor's request to employ Special Counsel. A hearing on the matter was conducted on March 16, 1995, at the conclusion of which the Court announced its determinations and ruling from the bench. This Order is based upon a consideration of the record as a whole including the oral argument presented by Debtor's Counsel and by a representative of the proposed Special Counsel, and the oral argument in opposition to the motion presented on behalf of John and Beulah Gorse and Meadowgreen Trails, Inc. ("Meadowgreen Parties"), creditors.

This is a core proceeding pursuant to Section 157(b)(2)(A) and (O) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

The Debtor filed a petition for reorganization under Chapter 11 of the Bankruptcy Code on June 3, 1994. Throughout these proceedings it has operated its business of building and selling homes as a Debtor In Possession. The Meadowgreen Parties are holders of a prepetition unsecured claim against the Debtor based upon a judgment of the Circuit Court of the City of St. Louis that was part of a larger judgment in a consolidated case. As of the commencement of this Bankruptcy case, the amount owed by the Debtor was $367,363.11. The total judgment in the amount of $1,025.393.00 included awards in favor of the Meadowgreen Parties against other entities including individuals who are principals of the Debtor. In the same proceeding the Debtor, its principals and other entities were also awarded a judgment against the Meadowgreen Parties in the total amount of $1,582.511.00. The Debtor, its principals and the other entities have appealed the Circuit court judgment; and the Meadowgreen Parties have filed cross appeals.

In this Bankruptcy case, the Debtor submitted an application to retain Special Counsel to prosecute the appeal of the State Court judgment. After considering the written objection filed by the Meadowgreen Parties, the Court denied the Debtor's application, "for the reason set out in the objection filed by John and Beulah Gorse and Meadowgreen Trails, Inc.; and for the reason that Special Counsel is a prepetition creditor of the Debtor." *Order*, March 6, 1995, Case No. 94–42992–172, Document No. 174. The Debtor thereafter filed its motion to reconsider, and set the matter for hearing on March 16, 1995. In view of these proceedings, the Debtor's request to reconsider the March 6, 1995 Order was granted.

■ The Debtor's application to retain Special Counsel is based upon Section 327(e) of the Bankruptcy Code.

(e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the *best inter-*

*est of the estate,* and if such attorney does not represent or hold *any interest adverse to the debtor or to the estate* with respect to the matter on which such attorney is to be employed. (Emphasis Added)

11 U.S.C. Section 327(e).

■ At the hearing, the Debtor argued that a majority of the courts have held that 11 U.S.C. § 327(e) "does not require that the professional be a 'disinterested person'." *In re Interstate Dist. Ctr. Assoc. (A) Ltd.,* 137 B.R. 826, 831 (Bankr.D.Colo.1992). If such a requirement existed, the Debtor's application would most likely be denied solely because the proposed Special Counsel is a prepetition creditor of the Debtor and is, therefore, not a disinterested person. *See* 11 U.S.C. § 101(14). The Order dated March 6, 1995 that denied the Debtor's application was not based solely on a lack of disinterestedness. It clearly stated that the application was denied for several reasons including the fact that the proposed Special Counsel is a prepetition creditor. A Bankruptcy court is not prevented by Section 327(e) from including in its consideration of the requirements of Section 327(e) the fact that a proposed Special Counsel is the holder of a claim against the Debtor.

Nonetheless, in an effort to clearly state the reasoning of this Order, the Court has not considered the fact that the proposed Special Counsel is a prepetition creditor of the Debtor in reaching its determination in this matter. To that extent, the motion to vacate the March 6, 1995 Order is granted in part in that the reference to a prepetition claim is set aside.

■ The determination of the best interests of the estate and whether or not an adverse interest is held by the proposed attorney, is made on a case by case basis in the circumstances presented in the record. The circumstances appearing in this record are described below.

■ The proposed Special Counsel has represented and will continue to represent the Debtor's principals and the other entities in the non-bankruptcy appeal matter. Although all of these entities share the common goal of setting aside or reducing the prepeti-

tion judgment in favor of the Meadowgreen Parties, they do not share the same interests. The interests of the Debtor's principals are personal; the judgment was entered against them personally. Under the Bankruptcy Code, the interests of the Debtor are intertwined with the interests of the estate which include the interests of creditors. Simultaneous representation of a Chapter 11 Debtor and the Debtor's principals gives rise to at least a potential conflict of interest.

The economic values of the Debtor's interests and of the interests of the Debtor's principals and related entities in the appeal proceedings are substantially disparate. If the appeal is resolved in favor of the Debtor and the Plaintiff/Appellants, the Debtor will be allowed to demand a return of $184,000.00 that had previously been paid to the Meadowgreen Parties. It would also be relieved of the balance of the judgment against it in the approximate amount of $183,363.11. If the Debtor's appeal is successful, the Debtor's principals and related entities would also be relieved of the judgment against them in the approximate amount of $1,025,393.00. In addition, two of the Debtor's principals would be entitled to proceed with the collection of a judgment against the Meadowgreen Parties in the approximate amount of $1,582,511.00.

On March 10, 1995, the Debtor submitted a proposed plan of reorganization that provides for the liquidation of Debtor's assets, and the dissolution of its corporate existence. The interests of the Debtor's principals, however, will continue after the corporation is dissolved. Therefore, the interests of the Debtor, the interests of the related entities that are parties to the appellate proceeding and the interests of the Debtor's principals are not the same.

As with most contested proceedings, there is little certainty as to the outcome of the Debtor's appeal. Although an appellate ruling in Debtor's favor may result in an economic benefit for the estate, the value of that benefit may be reduced substantially after the costs and expenses of the litigation are deducted. If the Debtor is not successful, it will receive no benefit and will incur additional expense.

The Debtor has argued that Special Counsel will fairly apportion the cost of the appeal

among all parties to the appeal. While such apportionment is always difficult in a bankruptcy case, it is not impossible. Nonetheless, the Meadowgreen Parties have argued that "the history of the [Special Counsel's] representation of the [Debtor's principals and others] does not support apportionment in the past ...". *Objection of John and Beulah Gorse to Application for Employment of Armstrong, Teasdale, Schlafly & Davis as Special Counsel for Debtor and Debtor–In–Possession,* filed October 7, 1994, document no. 132, page 2. The Meadowgreen Parties did not present any extrinsic evidence in support of this allegation, and the Debtor did not present any extrinsic evidence to refute the argument. The Debtor's schedules and statements of affairs filed on June 30, 1994 list the proposed Special Counsel as a creditor of the Debtor with the amount owed described as "0.00". In its application to retain Special Counsel, the Debtor indicated that the proposed Special Counsel had incurred post-petition fees and costs in assembling the record on appeal. These expenses were incurred during the three-month period after the Bankruptcy petition was filed and before the Debtor requested authorization to employ Special Counsel, suggesting that the Debtor was at least aware of a potential conflict of interest that might prevent such employment, or that the Debtor did not anticipate paying Special Counsel's fees.

The Debtor and the other Appellants have argued that the State Court judgment should be set aside because it provided that an award against the Debtor and its related entities was offset against the recovery due Debtor's principals. The operation of the offset will likely result in no payment due from the Debtor. *Appellants' Supplemental Materials In Support of Notice of Appeal,* Exhibit A, document no. 132, paragraph 10. If Appellants prevail on this issue, however, the Debtor's liability which was previously offset will reemerge as a claim against the Bankruptcy estate. In its written motion to reconsider, the Debtor stated that the parties to the appeal were willing to drop this issue. During the oral argument at the hearing in this matter, the parties withdrew their offer to drop the issue from the appeal. The

interests of the Debtor and the interests of its principals and other parties represented by the proposed Special Counsel are not the same.

The Court, therefore, finds and concludes and determines that in these circumstances, simultaneous representation of the Debtor and the Debtor's principals by the proposed Special Counsel gives rise to a conflict of interest; and that the use of estate assets to finance such representation, in these circumstances, is inappropriate; and that the possible benefit to the estate does not overcome the impediments presented by the circumstances here. The Debtor's retention of the proposed Special Counsel is not in the best interests of the estate.

**IT IS ORDERED** that this matter is concluded; and that the Debtor's motion to reconsider the Order dated March 6, 1995 is **GRANTED;** and

That the Debtor's motion to vacate said Order is **GRANTED IN PART** in that the reference to the fact that the proposed Special Counsel is a creditor of the Debtor is deleted; and as to all other aspects of said Order, the motion to vacate is **DENIED;** and

That the Debtor's motion to grant its application to retain Special Counsel is **DENIED.**